(May 17, 1967)

In the Matter of the Claim of ELLA M. FISHER, Respondent, v. OTIS ELEVATOR COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J.

Gibson, P. J., Reynolds, Aulisi and Gabrielli, JJ., concur in a memorandum by Gabrielli, J.; Herlihy, J., dissents and votes to reverse and dismiss in the following memorandum. I agree with the statement of facts in the majority opinion, but I disagree with the conclusion that there is substantial evidence to sustain the board's finding that the per diem allowance " was at least in part in the nature of a travel allowance ". In regard to the statement of facts, it should be noted that the employee was returning to the work area after a day of personal recreational activities. The argument is made that since the record establishes that the employer knew that some of the employees would occasionally return home in their free time, the employer must have anticipated that the per diem allowance would finance such travel. I would note that an employer must anticipate that an employee receiving a subsistence allowance might travel anywhere in the world on his free time, dependent only upon the speed of transportation available to the employee, and that the present majority decision would apparently provide compensation coverage for such travel. In the case of *Matter of Frick* v. *Rouse Constr. Corp.* (19 A D 2d 685) the board had before it earnings statements which denominated the additional pay as " travel " and the employer's income tax papers which denominated the additional payments as " Travel — Subsistence ". Also, that employer kept bookkeeping records in which the additional payments were denominated as " Travel ". Accordingly, we found that there was substantial evidence to support the board's fact finding of travel allowance as opposed to the employer's contention that the additional payments were subsistence allowances. In the case of *Matter of Macaluso* v. *Alexander, Shumway & Utz Co.*

(11 A D 2d 838) there was direct evidence that the claimant received a travel allowance of one dollar per day and we affirmed the board's rejection of the employer's argument that the one dollar per day was a mere gratuity. Although both *Frick* and *Macaluso* are relied upon by the majority herein, it is evident that in both of those cases there was probative evidence which indicated that the additional payments were in fact travel payments or partial travel payments. The fact that the employer foresaw or should have foreseen that the employees would travel home at times is not sufficient to support a finding of travel allowance when there is nothing else in the record to prove that the payments were incidentally or otherwise intended for such purpose. (Cf. *Matter of Frick v. Rouse Constr. Corp., supra.*) Travel allowance was explicit for the trip on the first day to commence the job and again on the last day upon completion of the job and on no other occasion and there is in this record no basis for the inference of implied travel allowance. In accordance with my foregoing opinion, I find that the decision of the board should be reversed and the claim dismissed.